# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 3, 2002 Session

# MICHAEL EUGENE SAMPLE, ET AL. v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. P-14252    Bernie Weinman, Judge**

---

**No. W1999-01202-SC-R11-PC - Filed August 2, 2002**

---

FRANK F. DROWOTA, III, C.J., concurring.

I fully concur in the majority decision but feel compelled to write separately to respond to the dissent's characterization of the majority's decision in State v. Workman, 41 S.W.3d 100 (Tenn. 2001), as a "hastily considered decision – one brought on by the pressures of extraordinary circumstances – and it cannot be justified as a logical or natural progression of the law." To the contrary, from even a cursory reading it is clear that the majority decision in Workman resulted from a principled application of established law to the facts of a particular case. The dissent's claim that the majority opinion in Workman is not founded in logic or prior law is easily dispelled by simply considering the language of the opinion itself, rather than the dissent's hyperbole. In concluding that consideration of Workman's petition for a writ of error coram nobis was not foreclosed by the statute of limitations, the majority meticulously applied the due process balancing test outlined in Burford v. State, 845 S.W.2d 204 (Tenn. 1992), Seals v. State, 23 S.W.3d 272 (Tenn. 2000), and Williams v. State, 44 S.W.3d 464 (Tenn. 2001). In so holding, we stated as follows:

> As in Burford, to determine whether due process requires tolling in this case, we must consider the governmental interests involved and the private interests affected by the official action. In this case, as in Burford, the governmental interest in asserting the statute of limitations is the prevention of stale and groundless claims. The private interest involved here is the petitioner's opportunity to have a hearing on the grounds of newly discovered evidence which may have resulted in a different verdict if heard by the jury at trial. If the procedural time bar is applied, Workman will be put to death without being given any opportunity to have the merits of his claim evaluated by a court of this State.

> Weighing these competing interests in the context of this case, we have no hesitation in concluding that due process precludes application of the statute of limitations to bar consideration of the writ of error coram nobis in this case.

Workman's interest in obtaining a hearing to present newly discovered evidence that may establish actual innocence of a capital offense far outweighs any governmental interest in preventing the litigation of stale claims. Workman has raised serious questions regarding whether he fired the shot that killed Memphis Police Lieutenant Ronald Oliver. If he did not fire that shot, he is not guilty of the crime for which he is scheduled to be put to death. These claims are based upon evidence obtained from the Shelby County Medical Examiner's Office long after the conclusion of the state post-conviction proceedings. The defendant's delay in obtaining this evidence is not attributable to the fault of Workman or his attorneys. In fact, Workman previously had filed a subpoena requesting an x-ray of this type, but it was not provided. No court in this State has actually held a hearing to fully evaluate the strength of these claims. Under such circumstances, Workman's interest in obtaining a hearing on these claims clearly outweighs the governmental interest embodied in the statute of limitations. Accordingly, due process precludes summary dismissal of this claim based upon a statutory time bar.

Id. at 103. We considered that Workman filed the petition in state court thirteen months after discovery of the evidence, but concluded that Burford and its progeny clearly mandate that a petitioner be afforded a reasonable opportunity after the expiration of the limitations period to present claims in a meaningful time and manner. Under the circumstances of the case, we held that thirteen months was not an unreasonable delay, particularly in light of the twelve-month coram nobis statute of limitations and "the magnitude and gravity of the death penalty." Id. at 103-104. In sum, the majority opinion in Workman accurately applied settled law in affording the petitioner due process relief from the coram nobis statute of limitations.

The dissenting opinion criticizes the majority in Workman and apparently would have barred the claim because it was brought thirteen, rather than twelve, months after the evidence was discovered. In my view, the dissenting justice's position that the claim should have been barred because it was brought one month beyond the time initially afforded is impossible to reconcile with Burford and Williams, decisions with which the dissent professes to agree. The petitioner in Burford failed to timely file his claim even though nine months remained on the governing statute of limitations when he discovered the grounds for his claim. Notwithstanding the remaining time on the statute, this Court held that due process entitled him to additional time. Likewise, in Williams, a decision authored by the dissenting justice, the petitioner failed to timely file his claim even though at least three months remained on the governing statute of limitations. Nevertheless, a majority of this Court held that due process tolled the statute of limitations despite statutory provisions stating that the post-conviction statute of limitations should not be tolled for any reason. Given the decisions in Burford and Williams, I am bewildered by the dissenting justice's initial and continuing "disapproval" of the majority decision in Workman. Unlike the petitioners in Burford and Williams, the petitioner in Workman had no time remaining under the governing statute of limitations and no opportunity, reasonable or otherwise, to bring his claim within the statute of limitations.

The dissent makes much of the fact that Workman's petition was filed in state court shortly before his scheduled execution and charges that the majority decision was influenced by the timing of the filing. This charge has absolutely no basis in fact. To the contrary, last minute filings are disfavored. Nevertheless, surely the dissent would agree that this Court should not refuse to apply existing and established law merely because a claim is filed shortly before a scheduled execution. Indeed, such a rule would be arbitrary and the ultimate exultation of form over substance.

As in <u>Workman</u>, the majority decision in this case accurately applies existing and established law. Accordingly, I concur with the majority decision.

_____
Frank F. Drowota, III, Chief Justice